**BRAMLETT v. STATE. (7 Div. 160.)**

(Court of Appeals of Alabama. March 16, 1926. Rehearing Denied April 6, 1926.)

**1. Criminal law ⬤⟿338(7).**

That act of officers in going to accused's sickroom, where he had been confined for some days, in nighttime, without a search warrant, seemed harsh and uncalled for, *held* immaterial.

**2. Criminal law ⬤⟿394.**

In prosecution for possessing whisky, whether officers had search warrant at time of going to accused's room and procuring whisky *held* immaterial.

**3. Criminal law ⬤⟿1169(2).**

Where defendant was guilty on his own testimony, errors in admission or rejection of testimony were harmless.

**4. Criminal law ⬤⟿338(7).**

Physical condition of accused, who testified in his own behalf, *held* immaterial.

**5. Criminal law ⬤⟿641(1).**

Refusing permission to defendant's counsel to argue evidence to jury after general affirmative charge for state *held* error, in view of Const. 1901, § 6, providing accused has right to be heard by counsel but not reversible error, where accused's testimony showed guilt conclusively, and jury imposed minimum penalty.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

La Fayette Bramlett was convicted of possessing prohibited liquors, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Bramlett v. State, 109 So. 117.

Culli, Hunt & Culli, of Gadsden, for appellant.

Refusal to allow counsel for defendant to argue the case to the jury constituted reversible error. Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802; Const. 1901, §§ 6, 10; Dorough v. Ala. Power Co., 200 Ala. 605, 76 So. 963. It was error to give the affirmative charge for the state. Athens v. Miller, 190 Ala. 82, 66 So. 702. When a conviction of crime is relied on to exclude a witness, it must be proved by the record, and his admission on cross-examination is not sufficient. 40 Cyc. 2209.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The affirmative charge for the state was properly given. Cole v. State, 14 Ala. App. 71, 71 So. 616; Bowden v. State, 19 Ala. App. 379, 97 So. 467. If there was error in refusing to allow counsel to argue the case, it was without injury, since the minimum fine was imposed. Supreme Court rule 45. A witness who has been convicted of perjury is incompetent to testify. Code 1923, §§ 7722, 7723.

RICE, J. [1] Appellant was convicted of the offense of violating the prohibition laws by having whisky in his possession. Everything in connection with the arrest, trial, and conviction of the appellant seems to have been conducted in the regular and lawful way. True, the methods used by the officers in going to the appellant's sickroom, where he had been confined for some days, in the nighttime, without a search warrant, seem harsh and uncalled for. But such matters do not, and cannot, address themselves to the courts. It is our province to simply pass upon the legality of the conviction of the defendant.

[2-4] Whether or not the officers had a search warrant at the time of going to appellant's room and procuring the whisky, for the possession of which the prosecution was instituted against appellant, was immaterial.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Banks v. State, 207 Ala. 179, 93 So. 293, 24 A. L. R. 1359. The sole issue in the case was, whether or not the appellant was in possession of the whisky found in his room by the officers. The court has, sitting in banc, read the entire evidence in the case, and we are of the opinion that under the testimony of the defendant, while testifying as a witness in his own behalf, he was guilty as charged. Errors, therefore, if any there were, in the rulings on the admission or rejection of testimony, were without harm to defendant. It was immaterial what physical condition he was in.

[5] It was error to refuse permission to defendant's counsel to argue the evidence to the jury, even after the general affirmative charge had been rightfully given in favor of the state. Section 6, Const. 1901. But where, as here, the jury imposed the minimum penalty prescribed by law for the offense charged, and where the testimony given by defendant himself showed conclusively his guilt, it is evident that appellant suffered no injury from the refusal of such permission, and the judgment will not be reversed on that account. Dorough v. Ala. Power Co., 200 Ala. 605, 76 So. 963; Supreme Court rule 45.

The jury could not lawfully have returned any verdict imposing any less penalty upon the defendant than the one they imposed, no matter how many arguments they may have been allowed to hear.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.